DEBORA K. KRISTENSEN (ISB No. 5337)
JACQUELINE M. FEARNSIDE (ISB No. 5681)
Davis Wright Tremaine LLP
877 W. Main Street, Suite 604
Boise, Idaho 83702-5858
Telephone: (208) 338-8200
Fax: (208) 338-8299

Attorneys for Defendant
GANNETT CO., INC.



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JUDITH WORRELL-PAYNE, an individual, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>GANNETT CO. INC., a corporation d/b/a *The Idaho Statesman*, )<br>)<br>Defendant. ) | Case No. CIV 98-0228-S-EJL<br><br>**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ALLEGATIONS IN PLAINTIFF'S FIRST AMENDED COMPLAINT** |

## I. INTRODUCTION

After previously being informed of the federal requirements for stating a valid claim against Defendant Gannett Co., Inc. ("Gannett"), and voluntarily amending her Complaint in response thereto, the First Amended Complaint of Plaintiff Judith Worrell-Payne still fails to satisfy these requirements. Thus, Gannett seeks an order dismissing with prejudice certain allegations asserted by Plaintiff in her First Amended Complaint because these allegations fail to state a claim upon which relief may be granted. *See* F.R.C.P. 8(a), 12(b)(6).

## II. PROCEDURAL BACKGROUND

On November 16, 1998, Plaintiff served a Complaint upon Gannett, alleging that from May 3, 1996 to April 8, 1998, Gannett "printed 100 articles and editorials the subject of each of which was Judith Worrell-Payne, her employment with the Authorities, her personal life, and her employment elsewhere." *See* Complaint ¶ 6. Plaintiff failed to identify specific factual allegations

in support of her numerous claims against Gannett. Instead, Plaintiff generally alleged that Gannett "either implied or stated explicitly that the Plaintiff was guilty of serious wrongdoing, that she had misappropriated public funds, that she had acted contrary to law, that she enjoyed an elegant and extravagant lifestyle, that she was guilty of excessive absenteeism for her workplace, and that she engaged in nepotism favoring members of her family in the discharge of her duties." *Id.* ¶ 7.

On December 7, 1999, Gannett filed a motion to dismiss Plaintiff's Complaint on the basis that the Complaint failed to meet the basic requirements of defamation notice pleading. In support of its motion to dismiss, Gannett demonstrated that Plaintiff's Complaint failed to identify what specific statements allegedly made by Gannett between May 3, 1996 and April 8, 1996, are at issue and alleged to be actionable under any legal theory. *See* Defendant's Memorandum of Points and Authorities in Support of Its Motion to Dismiss Plaintiff's Complaint (hereinafter "First Motion to Dismiss").

Before this Court could rule on Gannett's first motion to dismiss, Plaintiff served Gannett with a First Amended Complaint, which identified some specific statements allegedly made by Gannett between May 3, 1996 and April 8, 1996. *See* First Amended Complaint ¶¶ 8, 9. However, Plaintiff did not -- and has not -- identified specific statements in each of the laundry list of articles alleged to be actionable. *See* First Amended Complaint ¶ 6. In all, Plaintiff has failed to specify statements in **fifty-four (54)** articles otherwise listed as actionable in her First Amended Complaint. It is for this reason that Gannett brings this second motion to dismiss.

### III. DISCUSSION

#### A. Plaintiff's First Amended Complaint Must be Dismissed.

Both the Court and Plaintiff are well aware of the federal requirements for stating a claim for defamation: a complaint which leaves a defendant to guess which statements are alleged to be defamatory fails to give the defendant fair notice of the claim and the grounds on which it rests, and must therefore be dismissed. Under Federal Rule of Civil Procedure 8(a), a complaint must present

distinguished from a bare averment that he wants relief and is entitled to it." *Nagler v. Admiral Corp.*, 248 F.2d 319, 324 (2d Cir. 1957) (*quoting* Report of Proposed Amendments, October 1955 p. 18-19 on Preliminary Draft, May 1954, p. 8-9, Advisory Committee explanatory note of F.R.C.P. Rule 8(a)(2)). When the plaintiff fails to satisfy Rule 8(a), a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted, is appropriate. A 12(b)(6) motion "tests the formal sufficiency of the statement of claim for relief." *Fednav Ltd. v. Sterling Int'l*, 572 F. Supp. 1268, 1270 (N.D.Cal. 1983). "Mere conclusory allegations unsupported by factual assertions will not withstand a motion to dismiss and [the Court is] not bound to accept them as true." *In re Kelton Motors, Inc.*, 121 B.R. 166, 188 (D.Vt. 1990) (citing *Papsan v. Allain*, 478 U.S. 265, 286 (1986)).

Rule 8(a)'s requirement of particularity is more stringently applied in a defamation suit that concerns newsgathering activities because such activities presumptively are entitled to protection under the First Amendment. *See, e.g., Franchise Realty Interstate Corp. v. San Francisco Local Joint Executive Bd.*, 542 F.2d 1076, 1082-83 (9th Cir. 1976) (in cases involving "conduct which is prima facie protected by the First Amendment, the danger that the mere pendency of the action will chill the exercise of First Amendment rights requires more specific allegations than would otherwise be required"); *Manns v. The Leather Shop, Inc.*, 960 F. Supp. 925, 928 (D.V.I. 1997) ("an allegation of defamation in a complaint is subject to a more stringent standard of pleading under Rule 8 than is usually the case"); *Classic Communications, Inc. v. Rural Tel. Serv. Co., Inc.*, 956 F. Supp. 910, 920 (D. Kan. 1997) ("the general rule of liberally construing a complaint when considering 12(b)(6) motions is inapplicable to certain traditionally disfavored causes of action, including defamation"); *AMCOR Inv. Corp. v. Cox Ariz. Publications, Inc.*, 764 P.2d 327, 329 (Ariz. 1988) (court must "examine the complaint with a more rigorous eye"); *Long v. Egnor*, 346 S.E.2d 778 (W. Va. 1986) (First Amendment requires that a libel complaint "demonstrate on its face" sufficient facts to support the elements of a defamation claim and, if not, a motion to dismiss should be granted). *See also* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1245 (an allegation of defamation

in a complaint is subject to a more stringent standard of pleading under Rule 8 than is usually the case) and § 1357 (Civ.2d 1990).

To survive a motion to dismiss, a defamation complaint must, <u>at a minimum</u>, identify the specific statements alleged to have defamed the plaintiff. *See, e.g.*, *Phantom Touring, Inc. v. Affiliated Publications*, 953 F.2d 724, 728 n.6 (1st Cir. 1992) ("a defendant is entitled to knowledge of the precise language challenged as defamatory, and the plaintiff therefore is limited to its complaint in defining the scope of the alleged defamation"); *Manns*, 960 F. Supp. at 928-29 ("a complaint of defamation must, on its face, specifically identify what allegedly defamatory statements were made by whom and to whom") (internal quotation marks and citation omitted); *Kirkland v. City of Peekskill*, 634 F. Supp. 950, 953 (S.D.N.Y. 1986) (defamation plaintiff does not satisfy notice pleading requirements of Federal Rules of Civil Procedure unless he specifically alleges "the words said to be actionable"); *Herbert v. Lando*, 603 F. Supp. 983, 990-91 (S.D.N.Y. 1985) (notice pleading principles require that the defamatory words be set forth in complaint), *aff'd in relevant part*, 781 F.2d 298 (2d Cir. 1986). Only with notice of the actual statements at issue is the defendant able to file a responsive pleading and mount a defense. *Freeman v. Bechtel Constr. Co.*, 87 F.3d 1029, 1031 (8th Cir. 1996) ("unless the complaints set forth the alleged defamatory statements and identify the persons to whom they were published, [defendant] is unable to form responsive pleadings") (internal quotation marks omitted); *Woodard v. American Family Mut. Ins. Co.*, 950 F. Supp. 1382, 1388 (N.D. Ill. 1997) ("The reason a plaintiff must, under notice pleading requirements, plead the specific words alleged to be actionable is that knowledge of the exact language used is necessary to form responsive pleadings.").

Plaintiff has previously been provided an opportunity to amend her Complaint and set forth the specific statement(s) in each of the articles that Plaintiff claims to be actionable. Although Plaintiff's First Amended Complaint identifies specific statement(s) in forty-three (43) of the articles, Plaintiff has failed to identify specific statements in the remaining **fifty-four (54)** articles she generally alleges to be actionable. These articles include:

|     | **Date** | **Title** | **Author** |
| --- | --- | --- | --- |
| 1.  | 05/03/96 | Inquiry of Housing Agency Launched | Charles Etlinger |
| 2.  | 05/06/96 | Investigation Into Housing Authority is the Right Move | Editorial |
| 3.  | 05/07/96 | Housing Leaders Asked to Step Aside | Marty Trillhaase |
| 4.  | 05/08/96 | Housing Officials Can Assure Taxpayers by Stepping Aside | Editorial |
| 5.  | 05/08/96 | Housing Authority Fired Whistle-Blower | Frank Lockwood |
| 6.  | 05/09/96 | HUD to Look Into Housing Agency | Frank Lockwood |
| 7.  | 05/14/96 | Housing Chairman Will Lose Post, Glenn Says | Frank Lockwood |
| 8.  | 05/15/96 | Housing Authority Director Defends Management Style | Frank Lockwood |
| 9.  | 05/16/96 | Officials Let It All Occur Again | Dan Popkey |
| 10. | 05/16/96 | Director Says Judge Sought Deal | Frank Lockwood |
| 11. | 05/17/96 | Controversy Frightens Some Housing Tenants | Charles Etlinger |
| 12. | 05/17/96 | Police Seize Evidence from Housing Authority | Frank Lockwood |
| 13. | 05/18/96 | 3 Commissioners Say Housing Chief Should Step Down | Frank Lockwood |
| 14. | 05/19/96 | Tenants Fume Over Housing Director | Frank Lockwood |
| 15. | 05/19/96 | Housing Chief's Travel Questioned | Frank Lockwood |
| 16. | 05/21/96 | Commissioners Look to Fill Seat | Frank Lockwood |
| 17. | 05/22/96 | Housing Agency Fuzzy on Rent-To-Own Details<br>Subtitle: Women Question Worrell's Lawn Care | Frank Lockwood |

| | | | |
|---|---|---|---|
| 19. | 05/23/96 | Taxpayers Could Foot Hudgins Place Bill | Frank Lockwood |
| 20. | 05/23/96 | Leaders Fail Renters, Citizens | Editorial |
| 21. | 05/24/96 | Housing Board Will Meet to Discuss Future | Frank Lockwood |
| 22. | 05/24/96 | Boise Refuses to Pay Housing Grant | Frank Lockwood |
| 23. | 05/25/96 | Worrell-Payne Faces New Challenges | Frank Lockwood |
| 24. | 05/25/96 | Hudgins Quits Post at Housing Authority | Frank Lockwood |
| 25. | 05/31/96 | Hold Hiring Process in Public | Editorial |
| 26. | 06/03/96 | Housing Director Must Go | Editorial |
| 27. | 06/04/96 | Review Authority's Structure | Editorial |
| 28. | 06/04/96 | Officials Set to Scrutinize Agency Closely | Frank Lockwood |
| 29. | 06/05/96 | Bisterfeldt Blasts Glenn with Insults | Frank Lockwood |
| 30. | 06/09/96 | Commission Clash Shows Need for New Form of Government | Editorial |
| 31. | 06/09/96 | Council Member: No Call to Stop Printing Stories | Sara Baker |
| 32. | 06/11/96 | Housing Handled Properly | Vernon Bisterfeldt |
| 33. | 06/12/96 | Board Transformed | Frank Lockwood |
| 34. | 06/16/96 | Agencies Have Power of Eminent Domain | Frank Lockwood |
| 35. | 06/20/96 | Tenants Pleased Worrell-Payne is Gone, Hope Their Situation Will Improve Now | Frank Lockwood |
| 36. | 06/23/96 | Congress Should Take on Affordable-Housing Problems | Editorial |
| 37. | 07/11/96 | Glenn Ought to Find Time for His Job | Dan Popkey |
| 38. | 07/16/96 | Housing Board Cuts Spending | Frank Lockwood |
| 39. | 07/17/96 | Housing Residents are Job 1 | Editorial |

| 40. | 07/29/96 | Housing Authority Scandal Opened This Whistle-Blower's Eyes | Don Barker |
| --- | --- | --- | --- |
| 41. | 08/11/96 | Continue Nationwide Search for Affordable Housing Chief | Editorial |
| 42. | 10/28/96 | Expand Rent-To-Own Program | Editorial |
| 43. | 11/16/96 | Public House Mess: Move Forward With Better Program | Editorial |
| 44. | 12/31/96 | This Year's Top Stories | |
| 45. | 02/03/97 | Home Ownership an 'Awesome' Possibility | Charles Etlinger |
| 46. | 02/04/97 | Home Ownership Benefits All | Editorial |
| 47. | 03/31/97 | Soaring Prices, Red Tape Block Path to Affordable Housing | Steve Bard |
| 48. | 04/18/97 | Headline: Housing Sign-Ups Begin Anew in May<br>Subhead: Authority's Director Has Cut Waiting List by More Than Two-Thirds | Steve Bard |
| 49. | 04/21/97 | Housing Agency Moves Ahead | Editorial |
| 50. | 04/30/97 | Headline: Housing Agency: Ex-Chief Lied<br>Subhead: Worrell-Payne Disputes Charge of Perjury, Says She's Owed Severance | Charles Etlinger |
| 51. | 06/10/97 | 300 Applicants File to Get on List for Affordable Housing | JuNelle Harris |
| 52. | 11/10/97 | Headline: Board Chairman's Term Expires; City, County Seek New Member | Martin Johncox |
| 53. | 11/10/97 | Headline: Apartments for Seniors in the Works<br>Subhead: Housing Officials Want to Expand Downtown's Shoreline Plaza | Martin Johncox |
| 54. | 04/08/98 | Headline: Housing Official Praises Worrell-Payne<br>Subhead: Ex-Agency Chief Was Fired in 1996 from Job in Idaho | Martin Johncox |

(These 54 articles will collectively be referred to as the "Nonspecific Articles").

Because Plaintiff's First Amended Complaint still fails to identify what specific statements allegedly made by Gannett within each of these Nonspecific Articles are at issue and alleged to be actionable under any legal theory, the Court should dismiss Plaintiff's claims arising out of them.

## B. Plaintiff Should Not be Allowed to Amend Her Complaint a Second Time at This Late Stage of the Litigation.

Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires," "[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367 (9th Cir. 1990) (quoting *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)). In assessing whether to grant plaintiff leave to amend the complaint, a district court should consider the following factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint." *Id.* (quoting *Ascon*, 866 F.2d at 1160); *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). *See, e.g., McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809-10 (9th Cir. 1988) (affirming district court's denial of leave to amend complaint because of undue delay by plaintiff, prejudice to defendant, and plaintiff's repeated failure to cure deficiencies in prior amendments to complaint). Here, all factors weigh heavily against further amendment of Plaintiff's First Amended Complaint.

First and most significantly, Plaintiff has already been provided with an opportunity to amend her Complaint to solve the fatal deficiencies complained of here. *See* First Motion to Dismiss. As such, Plaintiff clearly understood the importance of identifying specific statements alleged to be actionable. Nevertheless, Plaintiff blatantly failed to identify specific statements in all of the articles, leaving this Court and Gannett to guess what Gannett allegedly said or did wrong.

Where, as here, the plaintiff fails in her complaint to identify the specific statements that she claims defamed her, the appropriate remedy is dismissal. *See, e.g., Bopal v. Rennselaer Polytechnic Inst.*, 916 F.2d 759, 763 (2d Cir. 1990) (district court properly dismissed defamation claims where

plaintiff failed "to plead adequately the actual words spoken, publication or special damages"). Indeed, "[i]t is not up to the defendant or this court to ferret out what statements the plaintiff is referring to in support of her defamation claim. Accordingly, [the defamation claim] must be dismissed for failing to provide a short plain statement showing that the pleader is entitled to relief. F.R.C.P. 8." *Manns*, 960 F. Supp. at 929. *See also Vantassell-Matin v. Nelson*, 741 F. Supp. 698, 707 (N.D. Ill. 1990) (Plaintiff alleging defamation must "recite the precise language alleged to be defamatory. In the absence of such specific allegations, dismissal of a complaint is appropriate.") (footnote omitted); *Rice v. Comtek Mfg. of Oregon, Inc.*, 766 F. Supp. 1539, 1541-42 (D. Or. 1990) (plaintiff's defamation claim dismissed for failure to "allege who uttered the statements, when the statements were uttered, whether the statements were oral or written, or any of the other facts allowing defendants to identify the allegedly wrongful conduct"); *Sorin v. Board of Educ. of the City Sch. Dist. of Warrensville Heights*, 464 F. Supp. 50, 53 (N.D. Ohio 1978) (defamation claim dismissed where plaintiff failed to "set forth in the complaint [the allegedly defamatory statement] substantially in the language uttered").

The second and equally compelling reason to deny Plaintiff the ability to further amend her First Amended Complaint is the undue delay she has taken to identify what, if any, statements in the Nonspecific Articles are actionable. It is now more than ten (10) months since Plaintiff served Gannett with her Complaint, and less than three (3) months remain before the deadline for the completion of discovery. During this period of time, Plaintiff never offered further amendments to her First Amended Complaint to identify allegedly offending statements in the Nonspecific Articles, despite the fact that the parties have engaged in significant written discovery. There is simply no excuse for Plaintiff's failure to timely amend her First Amended Complaint to allow Gannett the ability to mount an appropriate defense.[1]

Finally, given this passage of time and Plaintiff's failure to provide Gannett with any specific information as to what it allegedly did wrong, serious prejudice would result to Gannett if

---

[1] This fact lends itself to the "bad faith" factor set forth in *Allen v. City of Beverly Hills*, *supra*.

Plaintiff was granted leave to amend her First Amended Complaint. Gannett could not conduct the massive amount of discovery that would be required to respond to additional statements identified at this late stage of the case.

Given this, the balance of equities should fall squarely on the side of not allowing Plaintiff to, once again, amend her First Amended Complaint to conform to the Federal Rules of Civil Procedure and relevant caselaw. This is particularly true since dismissal of all claims related to the Nonspecific Articles still leaves Plaintiff with forty-three (43) other articles upon which to base her claims against Gannett.

## IV. CONCLUSION

For the foregoing reasons, Gannett respectfully requests that this Court grant its motion to dismiss with prejudice all of Plaintiff's claims arising out of the Nonspecific Articles.

DATED this \_\_\_ day of October, 1999.

Davis Wright Tremaine LLP

By _____
Debora K. Kristensen
Jacqueline M. Fearnside
Attorneys for Defendant
Gannett Co., Inc.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this \_\_\_ day of October, 1999, I caused a true and correct copy of the foregoing DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ALLEGATIONS IN PLAINTIFF'S FIRST AMENDED COMPLAINT to be deposited in the United States Mail, postage prepaid, and addressed to the following:

Donald W. Lojek, Esq.
Lojek Law Offices, Chtd.
305 West Fort Street
P.O. Box 1712
Boise, Idaho 83701

_____
Susan M. Heneise